# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

SECURITIES AND EXCHANGE COMMISSION,
    Petitioner,

v.

RONALD D. MORLEY, and THE NEW WEALTH, LLC,

    Respondents.

Case No.: 1:18-cv-03658-CCB

## **MEMORANDUM**

The record in this case has been reviewed. The Securities and Exchange Commission ("SEC") filed an application under § 21(e) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u(e)(1), and § 42(d) of the Investment Company Act of 1940, 15 U.S.C. § 809-41(d) to enforce compliance with a final consent Order of disgorgement and for a civil penalty issued by the SEC against Ronald D. Morley and The New Wealth, LLC. (ECF No. 1).

Respondents did not seek any review of the Order, nor have they made any payments. (*Id.* at 3). They were given an opportunity to respond to the application and did so by an Opposition (ECF No. 6) to the court's show cause Order. In that opposition, they proffer that the disgorgement Order is duplicative of other restitution and settlement orders entered against them, and that Ronald Morley suffered an injury diminishing his earning capacity from August through December 2018. (*Id.* at 2).

None of these circumstances support a refusal to enforce the SEC's application. The final Order was not appealed, and the respondents were permitted to respond to the current application. *See, e.g., SEC v. McCarthy*, 322 F.3d 650, 659 (9th Cir. 2003); *SEC v. Pinchas*, 421 F.Supp.2d 781 (S.D.N.Y. 2006). Financial hardship is not a basis to reduce the disgorgement amount, nor to require renegotiation of a voluntarily-entered Consent Order. *See SEC v. Mortenson*, No. CV-09-2276, 2013 WL 991334, at * 5 (E.D.N.Y. March 11, 2013) (and cases cited therein).

1

Accordingly, the application will be granted by separate Order.

2/15/19  /S/ CCB
Date    Catherine C. Blake
        United States District Judge